NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 24, 2014
Decided July 28, 2014

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-3171

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 13-CR-26 |
| JEFFREY A. WYCHESIT, *Defendant-Appellant.* | William C. Griesbach, *Chief Judge.* |

## O R D E R

After a day of drinking vodka and Kool-Aid, Jeffrey Wychesit returned to his home on the Menominee Indian Reservation and became enraged that his girlfriend wasn't there. He went after her with a hammer when she arrived a short time later and bashed her car when she locked herself in. Though Wychesit eventually calmed down enough for his girlfriend to go inside the house, he again flew into a rage after catching her on the phone with the police, so she fled back to her car. Wychesit then got into his own vehicle (after putting his three-year-old daughter in the passenger seat) and repeatedly rammed his girlfriend's car. He tried to drive away when the police arrived,

and his mirror struck one of the approaching officers. That officer (who required medical attention) lunged partway through Wychesit's open window, turned off the car, and pulled Wychesit out.

Wychesit was charged with two counts of assault with a dangerous weapon. *See* 18 U.S.C. §§ 113(a)(3), 1153. He pleaded guilty to one count, and the district court sentenced him to 48 months' imprisonment based on a guidelines range of 41 to 51 months. Wychesit filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. We invited Wychesit to respond, *see* 7TH CIR. R. 51(b), but he did not. Because counsel's analysis appears to be thorough, we limit our review to the subjects he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel tried to determine if Wychesit wants to challenge his guilty plea, *see United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002), but according to the lawyer, Wychesit "refused to speak" with him. For that reason counsel discusses the adequacy of the plea colloquy because he "has assumed" that his client "may want to challenge his plea." We said in *Knox* that lawyers should not "blindly assume that their clients will benefit from *every* legal contention, no matter the hazard," 287 F.3d at 671, and counsel does not explain why his assumption might be reasonable in this case. But in any event, he concludes, and we agree, that there isn't even a potential claim of error in the plea colloquy.

Counsel also advises that he reviewed the district court's application of the sentencing guidelines but did not identify a potential claim of error. So the only conceivable issue to consider, says counsel, is whether Wychesit could challenge the reasonableness of his 48-month term of imprisonment. We agree with counsel that such a challenge would be frivolous. Wychesit's within-guidelines sentence is presumptively reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Smith*, 721 F.3d 904, 906 (7th Cir. 2013), and counsel identifies nothing that would rebut that presumption. Wychesit has a long history of crimes that often have involved (as in this case) excessive alcohol and violent or threatening behavior. This history led the district judge to contemplate an above-guidelines sentence, but the judge concluded that four years in prison was adequate to protect the public. *See* 18 U.S.C. § 3553(a)(1), (2).

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.